**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 09-1298-PHX-GMS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Daniel Fierro-Venegas, | ) ) ) | |
| Defendant. | ) ) | |
| | ) ) | |

Pending before the Court is Defendant's Interlocutory Appeal of Judge Duncan's determination that the Defendant is an adult. Judge Duncan initially made this determination on October 21, 2009. On October 30, 2009, Defendant filed his notice of interlocutory appeal. He contemporaneously filed a motion for reconsideration with Judge Duncan so that he could locate and present additional evidence of his juvenile status to Judge Duncan.

Upon the Defendant's request, this Court stayed this appeal pending the expeditious resolution of the Defendant's Motion For Reconsideration. Judge Duncan granted several additional requests for extension to the Defendant so that he could obtain additional evidence of his juvenile status. After several months, the Defendant never submitted any additional evidence, nor did he inform the Court of his efforts to locate such evidence after early December. Thus, Judge Duncan denied the motion for reconsideration on March 19, 2010, and this Court lifted its stay on the interlocutory appeal and set a briefing schedule on the appeal.

This Court made available a hearing date in the event either party wanted to present additional evidence to the Court concerning Defendant's claimed juvenile status in light of this Court's responsibility to review Judge Duncan's determination *de novo*. Neither party desired to present additional evidence by way of hearing. The United States, however, presented additional evidence with its response to the Defendant's appeal. The Defendant has made no objection to the Court's consideration of this evidence.

Where a criminal defendant's age is in dispute, "the government bears the initial burden of proving defendant's age and 'must offer prima facie evidence of defendant's adult status.'" *United States v. Juvenile Male*, 595 F.3d 885, 897 (9th Cir. 2010) (quoting *United States v. Salgado-Ocampo*, 50 F. Supp.2d 908, 909 (D. Minn.1999). "The burden then shifts to the defense to 'come forward with evidence of his juvenile status,' and the government then has an opportunity 'to rebut with any additional information.'" *Id.* (quoting *Salgado-Ocampo*, 50 F. Supp.2d at 909).

At the time of his arrest, Defendant had a driver's license in his possession bearing his picture that identified him as Jesus Martinez-Cuevas, and gave as his date of birth February 5, 1987. He told his arresting officers that he was actually born on February 5, 1988. He later indicated to them that his name is Daniel Fierro-Venegas and that he is seventeen years old.

At the hearing on Defendant's age, the government introduced portions of the Defendants' A-1 file as evidence. That file demonstrates that Defendant has had three different immigration contacts with the United States. In each, he has used a different name and a different date of birth. Defendant was matched to each of these separate encounters with law enforcement by fingerprint comparison.

The testimony presented to Judge Duncan showed that on September 9, 2008 Defendant was arrested near Nogales, Arizona where he gave his name as David Figueroa-Perez and date of birth as February 28, 1986. Defendant was deported on September 12, 2008. On March 27, 2009, Defendant was arrested in Pennsylvania for driving a vehicle containing three illegal aliens. Defendant gave the arresting officer the name Uriel

Gonzalez-Martinez, and his date of birth as February 5, 1988. He had a Mexican driver's license with a photo in his possession verifying that information. Defendant was convicted for illegal re-entry after deportation under the name of Uriel Gonzalez-Martinez. In both his initial appearance and his change of plea hearing, Defendant swore under oath to the Court that he was Uriel Gonzalez Martinez and that he was twenty-one years old. *See Juvenile Male*, 595 F.3d at 897 (concluding that a previous statement from the defendant that he is an adult constitutes evidence of the defendant's adult status) (citing *United States v. Alvarez-Porras*, 643 F.2d 54, 66-67(2d Cir. 1981)).

The government further introduced evidence that, at the time of his arrest in this matter, Defendant had in his possession a driver's license, bearing his picture, that identified him as Jesus Martinez-Cuevas, and gave his date of birth as February 5, 1987. At the time of his arrest, he told his arresting officers that he was actually born on February 5, 1988. The government also provided a lease agreement for a house which had ben under surveillance by police. That lease was in the name of Uriel Gonzalez Martinez, which Defendant used in Pennsylvania. The government also introduced evidence of two vehicle titles and a motor vehicle registration in the same name that were found at the scene.

Defendant, on the other hand, introduced a fax that defense counsel had received from one of Defendant's relatives in New Jersey. The fax copy had a picture of the Defendant, and a valid birth certificate for a Daniel Fierro-Venegas from the Mexican state of Oaxaca, indicating that Mr. Fierro-Venegas is still a juvenile. It also contained a letter from a municipal official apparently indicating that Daniel Fierro-Venegas is a juvenile.

Judge Duncan determined that while the evidence established that the Defendant had sworn under oath that he was an adult in conjunction with his previous conviction, there was nothing establishing that the birth certificate he offered was a record of his own birth, or that he was the Daniel Fierro-Venegas for whom there was a birth certificate. Judge Duncan thus determined that Defendant is an adult.

After the hearing, federal agents confirmed the authenticity of the birth certificate for Daniel Fierro-Venegas, but they also confirmed the authenticity of the driver's license the

Defendant had given them in the name of Uriel Gonzalez-Martinez. Through subsequent interviews, government agents further confirmed that when Defendant was arrested on the pending charges he was with Sonia Vasquez-Meza. Ms. Meza identified herself as Defendant's friend and stated that she knew the Defendant as "Jesus." She further stated that when they were arrested, Defendant told her to call him Daniel, and that, if police asked, she was to tell them that Defendant was only seventeen years old. The government provided notice of this information to the Defendant.

In their search of the home in which the Defendant had been staying, the government also located a second driver's license bearing what appears to be Defendant's picture and the name Jesus Lopez-Venegas, giving a date of birth of February 5, 1988. There are also three documents of proof of insurance for vehicles all in the name of Uriel Gonzalez-Martinez. The government further located a letter written by Uriel Gonzales-Martinez in which he claimed to have a three year old daughter. The government provided these materials to Defendant after the name identification hearing before Judge Duncan, and submitted verification of this information with its response to Defendant's appellate brief. Defendant does not object to the Court's consideration of this evidence, and he does not desire to introduce any additional evidence of his age.

After a review of the evidence, the Court finds that the government has met its burden of proof by a preponderance of the evidence that Defendant is an adult. Defendant has twice testified under oath that he is an adult. The government has produced forms of identification that identify the Defendant by several different names. All the forms of picture identification introduced by the Defendant state that he is an adult. At least one of those drivers licenses appears to be issued by the Mexican authorities. It also appears that the Defendant has used several different aliases. Thus, it is not clear which, if any, of the forms of identification provided by the Defendant state his actual name and age.

The Defendant offers a certificate of live birth that suggests that Daniel Fierro-Venegas is a minor, but he offers no convincing evidence that he is this Daniel Fierro-Venegas. *See Juvenile Male*, 595 F.3d at 897 (observing that a "copied, unauthenticated

birth certificate" does not "compel" a finding that a defendant is a juvenile). In light of the government's evidence regarding Defendant's age and various identities, Defendant fails to offer any evidence that would sufficiently corroborate that he is the Daniel Fierro-Venegas for whom he has offered the birth certificate. The Court, therefore, after reviewing the evidence de novo, affirms Judge Duncan's determination that Fierro-Venegas is an adult and that he should be tried as such.

**IT IS THEREFORE ORDERED** affirming Judge Duncan's determination that Defendant is an adult (*see* Dkt. ## 19–20).

DATED this 6th day of May, 2010.

_____
G. Murray Snow
United States District Judge